UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| RANDY ERWIN, Individually and For Others Similarly Situated,<br><br>                    Plaintiff,<br><br>v.<br><br>MBF INSPECTION SERVICES, INC.,<br>                    Defendant. | Case No. _____<br><br>**JURY TRIAL DEMANDED**<br><br>**COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** |

## ORIGINAL COMPLAINT

### SUMMARY

1. Plaintiff Randy Erwin (Erwin) brings this lawsuit to recover unpaid overtime wages and other damages from MBF Inspection Services, Inc. (MBF) under the Fair Labor Standards Act ("FLSA").

2. Erwin worked for MBF as a Construction Manager.

3. Erwin and the Day Rate Workers (as defined below) regularly worked for MBF in excess of forty (40) hours each week.

4. But MBF did not pay them overtime.

5. Instead of paying overtime as required by the FLSA, MBF improperly paid Erwin and the Day Rate Workers a daily rate with no overtime compensation.

6. This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

## JURISDICTION AND VENUE

7. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial portion of the events giving rise to this action occurred in this District.

9. MBF is headquartered in this District in Chaves County, New Mexico.

## THE PARTIES

10. Erwin worked for MBF from approximately May 2019 until July 2019 as a Field Supervisor throughout northeast Wyoming, including the Thunder Basin region.

11. Throughout his employment, MBF paid Erwin a flat daily rate for each day worked regardless of the total hours worked in a workweek ("day rate pay plan").

12. Erwin's consent to be a party plaintiff is attached as Exhibit A.

13. Erwin brings this action on behalf of himself and all other similarly situated workers who were paid by MBF's day-rate system. MBF paid each of these workers a flat amount for each day worked and failed to pay them overtime for all hours that they worked in excess of 40 hours in a workweek in violation of the FLSA.

14. The class of similarly situated employees or putative class members sought to be certified is defined as follows:

> **All employees who worked for or on behalf of MBF Inspection Services, Inc. and paid according to its day rate pay plan in the past three (3) years (the "Day Rate Workers").**

15. The identities of the Day Rate Workers can be readily ascertained from MBF's records.

16. MBF Pipelines, LP is a New Mexico corporation and may be served with process by serving its registered agent: Frank L. Sturges, 2708 Gaye Dr., Roswell, NM 88201.

2

## COVERAGE UNDER THE FLSA

17. At all times hereinafter mentioned, MBF was and is an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

18. At all times hereinafter mentioned, MBF was and is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

19. At all relevant times, MBF has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

20. At all relevant times, MBF has, and has had, employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials (including tools, flashlights, smart phones/devices, badges, uniforms, computers, personal protection equipment, etc.) that have been moved in or produced for commerce.

21. In each of the past 3 years, MBF's annual gross volume of sales has well exceeded $1,000,000 for at least the past 3 years.

22. At all relevant times, Erwin and the Day Rate Workers were engaged in commerce or in the production of goods for commerce.

23. MBF uniformly applied its policy of paying its Day Rate Workers, including Erwin, a day rate with no overtime compensation.

24. MBF applied this policy regardless of any alleged individualized factors such as job position, job duties/responsibilities, or geographic location.

25. By paying its Day Rate Workers a day rate with no overtime compensation, MBF violated (and continues to violate) the FLSA's requirement that it pay employees at 1 and ½ times their regular rates for hours worked in excess of 40 in a workweek.

26. As a result of this policy, MBF and the Day Rate Workers do not receive overtime as required by the FLSA.

27. MBF's uniform compensation scheme of paying its Day Rate Workers a day rate with no overtime compensation for weeks in which these workers work over 40 hours is, in of itself, a violation of the FLSA. 29 U.S.C. § 207(a) & (e).

### THE FACTS

28. MBF provides construction management and third party inspection services for pipelines and facilities.

29. To complete its business objectives, it hires personnel (like Erwin) to perform construction management and inspection work.

30. Many of these individuals worked for MBF on a day rate basis (without overtime pay).

31. These workers make up the proposed collective of Day Rate Workers.

32. While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices for similar work.

33. Throughout his employment with MBF, MBF paid him on a day rate basis.

34. Erwin and the Day Rate Workers work for MBF under its day rate pay scheme.

35. Erwin and the Day Rate Workers do not receive a salary.

36. If Erwin and the Day Rate Workers did not work, they did not get paid.

37. Erwin and the Day Rate Workers receive a day rate.

38. Erwin and the Day Rate Workers do not receive overtime pay.

39. This is despite the fact Erwin and the Day Rate Workers often worker 10 or more hours a day, for 7 days a week, for weeks at a time.

40. For example, Erwin received a day rate for each day he worked for MBF.

41. Although he typically worked 7 days a week, for 10 or more hours a day, he did not receive any overtime pay.

42. Erwin and the Day Rate Workers received the day rate regardless of the number of hours they worked in a week, even when they worked more than 40 hours.

43. Erwin and the Day Rate Workers are not employed on a salary basis.

44. Erwin and the Day Rate Workers do not, and never have, received guaranteed weekly compensation from MBF irrespective of the day worked (i.e., the only compensation they receive is the day rate they are assigned for all hours worked in a single day or week).

45. Erwin and the Day Rate Workers work in accordance with the schedule set by MBF and/or its clients.

46. Erwin's work schedule is typical of the Day Rate Workers.

47. MBF controls Erwin and the Day Rate Workers' pay.

48. Likewise, MBF and/or its clients control Erwin and the Day Rate Workers' work.

49. MBF requires Erwin and the Day Rate Workers to follow MBF and/or its clients' policies and procedures.

50. Erwin and the Day Rate Workers' work must adhere to the quality standards put in place by MBF and/or its clients.

51. Erwin and the Day Rate Workers are not required to possess any unique or specialized skillset (other than that maintained by all other workers in their respective positions) to perform their job duties.

52. As a Construction Manager, was responsible for ensuring MBF's and/or its clients' projects were completed according to established guidelines, specifications, and restrictions.

53. All MBF's Day Rate Workers perform similar duties, inspecting projects, ensuring work is done according to established guidelines, specifications, and restrictions.

54. Erwin and the Day Rate Workers provide daily reports to MBF (and/or its clients') personnel.

55. At all relevant times, MBF and/or its clients maintained control over Erwin and the Day Rate Workers via hiring, firing, discipline, timekeeping, payroll, and other employment practices.

56. Erwin and the Day Rate Workers do not have the power to hire or fire any employees.

57. Erwin's working relationship with MBF is similar MBF's relationship with its other Day Rate Workers.

58. MBF knew Erwin and the Day Rate Workers worked more than 40 hours in a week.

59. MBF knew, or showed reckless disregard for, whether the Day Rate Workers were entitled to overtime under the FLSA.

60. Nonetheless, MBF failed to pay Erwin and the Day Rate Workers overtime.

61. MBF willfully violated the FLSA.

## CAUSES OF ACTION
## FLSA VIOLATIONS

62. By failing to pay Erwin and those similarly situated to him overtime at one-and-one-half times their regular rates, MBF violated the FLSA's overtime provisions.

63. MBF owes Erwin and those similarly situated to him the difference between the rate actually paid and the proper overtime rate.

64. Because MBF knew, or showed reckless disregard for whether, its pay practices violated the FLSA, MBF owes these wages for at least the past three years.

65. MBF is liable to Erwin and those similarly situated to him for an amount equal to all unpaid overtime wages as liquidated damages.

66. Erwin and those similarly situated to him are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## COLLECTIVE ACTION ALLEGATIONS

67. Erwin incorporates all previous paragraphs and alleges that the illegal pay practices MBF imposed on Erwin were likewise imposed on the Putative Class Members.

68. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

69. Numerous other individuals who worked with Erwin indicated they were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

70. Based on his experiences and tenure with MBF, Erwin is aware that MBF's illegal practices were imposed on the Day Rate Workers.

71. The Day Rate Workers were all not afforded the overtime compensation when they worked in excess of forty (40) hours per week.

72. MBF's failure to pay wages and overtime compensation at the rates required by state and/or federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Day Rate Workers.

73. Erwin's experiences are therefore typical of the experiences of the Day Rate Workers.

74. The specific job titles or precise job locations of the Day Rate Workers do not prevent class or collective treatment.

75. Erwin has no interests contrary to, or in conflict with, the Day Rate Workers. Like each Day Rate Worker, Erwin has an interest in obtaining the unpaid overtime wages owed to him under federal law.

76. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

77. Absent this action, many Day Rate Workers likely will not obtain redress of their injuries and MBF will reap the unjust benefits of violating the FLSA and applicable state labor laws.

78. Furthermore, even if some of the Day Rate Workers could afford individual litigation against MBF, it would be unduly burdensome to the judicial system.

79. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

80. The questions of law and fact common to the Day Rate Workers predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

    a. Whether the Day Rate Workers' rights were violated as a result of MBF's day rate pay plan;

    b. Whether MBF's day rate pay plan was made in good faith;

    c. Whether MBF's decision to not pay time and a half for overtime to the Day Rate Workers was made in good faith;

    d. Whether MBF's violation of the FLSA was willful; and

    e. Whether MBF's illegal pay practices were applied uniformly across the nation to all Day Rate Workers.

81. Erwin's claims are typical of the claims of the Day Rate Workers. Erwin and the Day Rate Workers sustained damages arising out of MBF's illegal and uniform employment policy.

82. Erwin knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective or class action.

83. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective treatment.

### JURY DEMAND

84. Erwin demands a trial by jury

### PRAYER

85. WHEREFORE, Erwin prays for judgment against MBF as follows:

   a. An Order designating this lawsuit as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

   b. For an Order pursuant to Section 16(b) of the FLSA finding MBF liable for unpaid back wages due to Erwin and the FLSA Class Members for liquidated damages equal in amount to their unpaid compensation;

   c. For an Order awarding Erwin and the Day Rate Workers their reasonable attorneys' fees and expenses as provided by the FLSA;

   d. For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Michael A. Josephson*
    **Michael A. Josephson**
    Texas Bar No. 24014780
    **Andrew W. Dunlap**
    Texas Bar No. 24078444
    **Carl A. Fitz**
    Texas Bar No. 24105863
    **JOSEPHSON DUNLAP LLP**
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77046
    713-352-1100 – Telephone
    713-352-3300 – Facsimile
    mjosephson@mybackwages.com
    adunlap@mybackwages.com
    cfitz@mybackwages.com

    **AND**

    **Richard J. (Rex) Burch**
    Texas Bar No. 24001807
    **BRUCKNER BURCH PLLC**
    8 Greenway Plaza, Suite 1500
    Houston, Texas 77046
    713-877-8788 – Telephone
    713-877-8065 – Facsimile
    rburch@brucknerburch.com

    **ATTORNEYS IN CHARGE FOR PLAINTIFF**